IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| AMANDA J. ECKL, | ) | |
| JESSICA L. VANDERVELDE, and | ) | |
| ANGELA C. WEST, | ) | |
| | ) | |
| Plaintiffs; | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| | ) | |
| LAUDERDALE COUNTY BOARD | ) | |
| OF EDUCATION, and JENNIFER GRAY | ) | JURY DEMAND |
| (as the prior Superintendent of the | ) | |
| Lauderdale County Board of Education), | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COME NOW Plaintiffs, Amanda J. Eckl, Jessica L. VanDerVelde, and Angela C. West, and for their complaint against Defendants, the Lauderdale County Board of Education and former Superintendent Jennifer Gray, and state as follows:

**NATURE OF THE CASE**

1. This is a lawsuit brought by Plaintiffs who were subjected to a materially adverse employment action by Defendants, namely being discharged and then being required to reapply for their jobs, after Plaintiffs filed a complaint for discrimination with the Equal Employment Opportunity Commission (EEOC)

1

and subsequently filing suit in the Federal District Court for the Northern District of Alabama (Case No. 3:2017-CV-00051).  The practices committed by Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e, *et seq*. ("Title VII"), which prohibits employers from retaliating against employees who seek protections under Title VII and who participate in the EEOC process.  Plaintiffs request a trial by jury of all issues triable by a jury.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 USC §1331, 28 USC §1343, and 42 USC §2000e, *et seq*.

3. Plaintiffs have fulfilled all conditions precedent, including all administrative conditions, to the institution of this action under Title VII. Plaintiffs filed charges of discrimination alleging retaliation with the EEOC on February 13, 2017. (Attached hereto as Exhibit "A").  Plaintiffs timely filed this action within ninety (90) days of the receipt of the Notices of Rights documents from the EEOC, dated April 26, 2017. (Attached hereto as Exhibit "B").

4. Defendants' unlawful employment practices challenged in this action occurred in Lauderdale County, Alabama. Venue is therefore proper in the Northern District of Alabama pursuant to 28 USC §1391(b) and 42 USC §2000e5.

## PARTIES

5. Plaintiff, Amanda Eckl ("Eckl"), is a female citizen of the United

States and the State of Alabama. She is over the age of nineteen (19) years. Plaintiff was employed by Defendants at all times material to this action. Eckl has a Bachelor's degree in a business related field and was employed by Defendants as an "Account Clerk, Associates Degree" from June 1999 until November 8, 2016.[1]

6. Plaintiff, Jessica J. VanDerVelde ("VanDerVelde"), is a female citizen of the United States and the State of Alabama. She is over the age of nineteen (19) years. Plaintiff was employed by Defendants at all times material to this action. VanDerVelde has a Bachelor's degree in a business related field and was employed by Defendants as an "Account Clerk, Associates Degree" from September 2006 until November 8, 2016.[1]

7. Plaintiff, Angela C. West ("West"), is a female citizen of the United States and the State of Alabama. She is over the age of nineteen (19) years. Plaintiff was employed by Defendants at all times material to this action. West has a Bachelor's degree in a business related field and was employed by Defendants as an "Account Clerk, Associates Degree" from October 2006 until November 8, 2016.[1]

8. Defendant, Lauderdale County Board of Education ("the Board"), is

---

[1] The fourth Departmental male employee, Mark Collier, was given the unique title and was compensated according to the pay scale for an "Accounting Specialist I, Bachelor's Degree." This disparate treatment is the subject of a separately filed suit. (See Federal District Court for the Northern District of Alabama, Case No. 3:2017-CV-00051).

3

an elected board and is a separate entity from the Superintendent of Education. The Board is the employer and/or joint employer, with the Superintendent of Education, of Plaintiffs, and/or the Board acts as an agent of the Superintendent of Education. Pursuant to Alabama State Law, the Board exercises its authority through its executive officer, the Superintendent, and is responsible for the hiring and compensation of all employees upon the written recommendation of the Superintendent.  Pursuant to Alabama State Law, the Board is responsible for establishing and maintaining a written salary schedule for each class and type of employee, including Plaintiffs. The Board is not an arm of the State of Alabama.

9.  Defendant, Jennifer Gray ("Gray"), was the elected Superintendent of Education of Lauderdale County Schools, from January 2013 until December 31, 2016.  The Superintendent is independently elected and a separate entity from the Board. The former Superintendent is / was the employer and/or joint employer, with the Board, of Plaintiffs, and/or acts as an agent of the Board.  Pursuant to Alabama State law, Gray, as the Superintendent, had the authority to nominate to the Board individuals for employment by the Board, including the hiring and firing of all regular employees. The Superintendent also had the authority to recommend job titles and pay scales, including changes thereto, for all employees, including Plaintiffs. The Superintendent is not an arm of the State of Alabama.

10.  The Board and the Superintendent, separately or jointly, employ more

4

than fifteen (15) employees, and therefore, are "employers" for Title VII purposes.

## STATEMENT OF FACTS AND CLAIMS

11.     Plaintiffs reallege and incorporate by reference paragraphs 1-10 with the same force and effect as if fully set out in specific detail below.

12.     Within the administrative offices of the Board, the Board maintains a business/accounting department ("the Department").

13.     From May 2008 through September 2016, the Department was comprised of four (4) employees, and one (1) supervisor. Three (3) of the Department's employees were female, namely Plaintiffs Eckl, VanDerVelde, and West. The fourth Departmental employee was male, namely Mark Collier. The Departmental supervisor was the Chief School Financial Officer, Larry Vance.

14.     From May 2008 through November 2016, the three (3) female employees, namely Plaintiffs Eckl, VanDerVelde, and West were given the job title and were compensated according to the pay scale for an "Account Clerk, Associates in Business". The fourth Departmental male employee, Mark Collier, was given the unique title and was compensated according to a substantially higher pay scale for an "Accounting Specialist I, Bachelor's Degree."  This difference in titles and pay was based solely on gender as all four (4) had the same or substantially similar business and accounting related job duties and tasks.

15.     During the 2013-2014 school year, Ms. Eckl was paid $32,669

annually. Ms. VanDerVelde was paid $32,669 annually. Ms. West was paid $31,077 annually. Mr. Collier was paid $58,814 annually.

16. During the 2014-2015 school year, Ms. Eckl was paid $32,909 annually. Ms. VanDerVelde was paid $32,909 annually. Ms. West was paid $31,851 annually. Mr. Collier was paid $59,054 annually.

17. During the 2015-2016 school year, Ms. Eckl was paid $32,909 annually. Ms. VanDerVelde was paid $32,909 annually. Ms. West was paid $32,379 annually. Mr. Collier was paid $59,054 annually.

18. On December 11, 2015, Plaintiffs filed a charge of discrimination (hereinafter referred to as the "first charge") with the EEOC alleging a disparity in pay based on gender, in violation of both Title VII and the Equal Pay Act.[2]

19. On September 15, 2016, Defendant Gray, as a direct and proximate consequence of the ongoing EEOC charge and investigation, demanded each of the Plaintiffs resign from her position. Each Plaintiff refused.

20. In mid-October, the sole male employee within the Department, Mark Collier, who was given the unique job title of "Accounting Specialist I, Bachelors Degree" and a significantly higher rate of pay, voluntarily retired.

21. On October 17, 2016, the EEOC issued a Notice of Rights letter with

---

[2] This charge is the subject of a separately filed suit. (See Federal District Court for the Northern District of Alabama, Case No. 3:2017-CV-00051).

respect to the first charge, permitting Plaintiffs to file suit as to the Title VII disparate treatment claim. The notice also provided an explanation of the statute of limitations for the Equal Pay claim.[3]

22.   On October 21, 2016, three (3) days after the Notice of Rights letter was issued, Defendants posted three (3) jobs on the Lauderdale County School System website. The three (3) positions were entitled "Account Specialist", "Benefits Specialist", and "Payroll Specialist". The positions were to replace "Account Clerks" Eckl, VanDerVelde, and West. There was no posting to replace or fill the position of the retired male employee or posting seeking to fill the "Accounting Specialist I" position. The postings for each of the Plaintiffs' positions remained open for the submission of applications until mid-morning on November 8, 2016.

23.   As a direct and proximate result of the EEOC charge, investigation, and issuance of the Notice of Rights letter on the first charge of discrimination, each Plaintiff was required to reapply for one (1) of the three (3) positions posted by the Board on October 21, 2016. Each Plaintiff was also required to compete with all applicants for these positions, with no guarantee of retaining and/or regaining employment with the Board.

---

[3]This charge is the subject of a separately filed suit. (See Federal District Court for the Northern District of Alabama, Case No. 3:2017-CV-00051).

24. On November 3, 2016, Defendant Gray, again demanded each Plaintiff resign from her position. This demand was a direct and proximate result of the EEOC charge, investigation, and issuance of a Notice of Rights letter regarding the first charge. Plaintiffs again refused to resign.

25. On November 8, 2016, Defendant Gray, in retaliation for Plaintiffs filing an EEOC claim under Title VII, recommended to the Board that Eckl's, VanDerVelde's, and West's positions as "Account Clerks" be terminated. The Board voted in favor of terminating the "Account Clerk" positions held by each of the Plaintiffs.

26. On November 8, 2016, Defendant Gray recommended and the Board approved the creation of a new job title "Accounts Specialist" (as had been advertised since October 21, 2016) requiring a Bachelor's degree in a business related field. The Board voted to rehire Plaintiff Eckl for this position.

27. From September 15, 2016, when Plaintiffs were first asked to resign, until the November 8, 2016 vote by the Board to rehire Plaintiff Eckl in a newly created position, Plaintiff Eckl suffered extreme mental anguish and stress about whether her employment would be continued.

28. The pay scale for an "Accounts Specialist," was from $19.29 per hour ($34,725 per year) to $21.79 per hour ($39,225 per year). Thus, despite having a Bachelor's degree in a business related field, in her newly created position, Ms.

Eckl continued to be compensated at a rate that was approximately $26,000 less than her male counterpart made prior to his retirement.  Further, this pay scale compensated Ms. Eckl at a rate roughly equivalent to the compensation paid to the Assistant Superintendent's secretary and less than the compensation paid to the Superintendent's secretary, positions for which no advanced education is required.

29.    On November 8, 2016, Defendant Gray recommended and the Board approved the creation of a new job title "Benefits Specialist" (as had been advertised since October 21, 2016) requiring a Bachelor's degree in a business related field.  The Board voted to rehire Plaintiff VanDerVelde for this position.

30.    From September 15, 2016, when Plaintiffs were first asked to resign, until the November 8, 2016 vote by the Board to rehire Plaintiff VanDerVelde in a newly created position, Plaintiff VanDerVelde suffered extreme mental anguish and stress about whether her employment would be continued.

31.    The pay scale for a "Benefits Specialist," was from $19.29 per hour ($34,725 per year) to $21.79 per hour ($39,225 per year). Thus, despite having a Bachelor's degree in a business related field, in her newly created position, Ms. VanDerVelde continued to be compensated at a rate that was approximately $26,000 less than her male counterpart made prior to his retirement.  Further, this pay scale compensated Ms. VanDerVelde at a rate roughly equivalent to the compensation paid to the Assistant Superintendent's secretary and less than the

compensation paid to the Superintendent's secretary, positions for which no advanced education is required.

32. On November 8, 2016, Defendant Gray recommended and the Board approved the creation of a new job title "Payroll Specialist" requiring a Bachelor's degree in a business related field. The Board voted to rehire Plaintiff West for this position.

33. From September 15, 2016, when Plaintiffs were first asked to resign, until the November 8, 2016 vote by the Board to rehire Plaintiff West in a newly created position, Plaintiff West suffered extreme mental anguish and stress about whether her employment would be continued.

34. The pay scale for a "Payroll Specialist," was from $19.29 per hour ($34,725 per year) to $21.79 per hour ($39,225 per year). Thus, despite having a Bachelor's degree in a business related field, in her newly created position, Ms. West continued to be compensated at a rate that was approximately $26,000 less than her male counterpart made prior to his retirement. Further, this pay scale compensates Ms. West at a rate roughly equivalent to the compensation paid to the Assistant Superintendent's secretary and less than the compensation paid to the Superintendent's secretary, positions for which no advanced education is required.

35. On January 12, 2017, Plaintiffs filed their first suit against Defendant Gray, Defendant Board, and a third Defendant, Jonathan Hatton, alleging

Defendants had violated Title VII and the Equal Pay Act by paying Plaintiffs approximately $26,000 less annually than their male counterpart for substantially the same work.[4]

36. On February 13, 2017, the EEOC received a second charge of discrimination from each Plaintiff in which each Plaintiff alleged she had been subjected to an adverse employment action as a result of filing the first charges with the EEOC and participating in the EEOC process. (Attached hereto as Exhibit "A").

37. On April 26, 2017, the EEOC issued a second Notice of Rights letter to each Plaintiff, permitting each to file suit regarding their claim of retaliation. (Attached hereto as Exhibit "B").

## COUNT ONE
## TITLE VII - RETALIATION

38. Plaintiffs readopt and reallege each and every allegation contained in this Complaint as if set out anew herein.

39. Plaintiffs were retaliated against by Defendants, in violation of Title VII.

40. Plaintiffs were engaged in a protected activity, namely filing the first

---

[4]See Federal District Court for the Northern District of Alabama, Case No. 3:2017-CV-00051).

11

EEOC charge alleging gender-based pay disparity and participating in the EEOC process and investigation.

41. After Plaintiffs filed their charge of discrimination and the Notice of Rights letter was issued, Defendants took materially adverse actions against each Plaintiff in that: (a) Defendants repeatedly demanded Plaintiffs resign from their positions, (b) Defendants terminated Plaintiffs' positions as "Account Clerks", (c) Defendants advertised Plaintiff's positions and required Plaintiffs to reapply for a different positions to remain employed, and (d) Defendants required Plaintiffs to compete with other applicants to regain employment with the Board with no guarantee of re-employment.

42. Defendants further took materially adverse actions against each Plaintiff in that the newly created positions utilized pay scales that were significantly less than what a male employee within the Department had been paid prior to his retirement.  Rather than remedy the pay disparity alleged in the first suit, after rehiring Plaintiffs, Defendants continued to pay Plaintiffs approximately $26,000 less annually than it paid their male counterpart prior to his retirement.

43. From September 15, 2016 through November 8, 2016, Plaintiffs suffered extreme mental anguish about whether their employment by Defendants would continue, about whether they would again be asked to resign, and about whether any remedy to the pay disparity would be rectified.

44. The materially adverse actions taken against Plaintiffs by Defendants were the direct and proximate consequence of Plaintiffs participating in the EEOC process.

45. As a direct and proximate consequence of Defendants actions, Plaintiffs have suffered past and present pecuniary and non-pecuniary damages, embarrassment, emotional pain, inconvenience and mental anguish.

46. Plaintiffs have satisfied all administrative prerequisite to bring their claims.

47. Defendants' conduct was knowing, willful, and reckless.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand the following relief:

    a. Compensatory Damages;

    b. Punitive Damages;

    c. Liquidated Damages;

    d. Prejudgment Interest;

    e. Attorneys' fees and costs;

    f. Compensation for mental anguish, embarrassment, emotional distress, both past and future;

    g. Injunctive Relief; and

    h. Such other or equitable relief as may be appropriate to effectuate the

purposes of Title VII or to which Plaintiffs may be entitled.

Respectfully filed on this, the 21st day of July, 2017.

> /s/ Elizabeth Gonce Messer
> Elizabeth Gonce Messer
> Attorney at Law
> 201 S. Court Street, Suite 450
> Florence, AL 35630
> Phone: (256)767-7411
> Fax: (256)767-0320
> Email: emesser@alalawyers.com

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all issues. Respectfully submitted on this, the 21th day of July, 2017.

> /s/ Elizabeth Gonce Messer
> Elizabeth Gonce Messer
> Attorney at Law
> 201 S. Court Street, Suite 450
> Florence, AL 35630
> Phone: (256)767-7411
> Fax: (256)767-0320
> Email: emesser@alalawyers.com